UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Patrina Coulon** | * | Civil Action No. 6:21-CV-00019 |
| *Plaintiff* | * | |
| | * | |
| vs. | * | Judge James D. Cain, Jr. |
| | * | |
| **St. Mary Parish School Board, Teresa** | * | |
| **Bagwell, Does 1-10, ABC Insurance Companies** | * | Magistrate Patrick J. Hanna |
| *Defendants* | * | |
| | * | |

**************************************************************************

## REPLY TO OPPOSITION TO MOTION TO DISMISS

Defendants, St. Mary Parish School Board (the "School Board") and Superintendent Teresa Bagwell ("Dr. Bagwell") respectfully submit this Reply Memorandum to Plaintiff, Patrina Coulon's ("Ms. Coulon") Opposition to Defendants' Motion to Dismiss and/or Motion for Summary Judgement for the limited purpose of addressing Ms. Coulon's misstatement of facts and of the School Board's arguments. Defendants have not addressed every argument presented in Plaintiff's opposition to their Motion but submits this reply only to those issues that require further response. As explained below, the School Board would show that, as a result of the lack of merit in Ms. Coulon's arguments, the School Board's Motion to Dismiss and/or Motion for Summary Judgment should be granted.

**A.    No Adverse Employment Action.**

Contrary to Plaintiff's assertions, Defendants have not argued that substitute personnel can *never* suffer an adverse employment action; rather, Defendants show that *this Plaintiff* did not suffer an adverse employment action. Plaintiff would have this Court believe she had no knowledge of her continued status as an employee by claiming she was unaware that she remained on the substitute list; however, this is patently false. *Plaintiff was called out, worked, and was paid by the School Board during the period she claims to have been "terminated."* It is undisputed that Ms. Coulon was hired as

1

a substitute in or around January of 2019, was assigned as a substitute paraprofessional to a special education classroom at Morgan City High School, and that in October of 2019 she was assigned - as a substitute - to another classroom where she was needed at that same school. She then claims to have been "terminated" in December of that same year. However, Plaintiff continued to work as a substitute for the School Board in February and March of 2020, and continued to be paid for those services.[1] It is disingenuous for Plaintiff to now claim that her maintenance on the substitute list "was without her knowledge."[2] Schools closed as a result of COVID-19 on March 16, 2020 and thus continued services were unnecessary for the remainder of the school-year). It is impossible to know where Ms. Coulon would have been assigned for the remainder of that school-year had it not been for the school closures, and since schools have reopened, Ms. Coulon continues to work as a substitute bus driver for the School Board. Ms. Coulon was hired as a substitute and has continuously remained employed in that capacity throughout all relevant times herein, and continues to work for the School Board to this day. Thus, there has been no adverse employment action and Plaintiff's Complaint should be dismissed, in its entirety.

    **B.**    **Superintendent Teresa Bagwell is entitled to immunity.**

Plaintiff's attempt to strip Dr. Bagwell of qualified immunity is based on mere conjecture and is insufficient to overcome her entitlement to qualified immunity. Relying solely on a statement of opinion made by a former principal during a School Board meeting regarding disciplinary action

---

[1] Exhibit B, Paycheck stubs for services performed in February and March (Substitute personnel are paid on a monthly basis for work performed in the previous month). The paycheck stub dated March 31, 2020 was for work performed in February, and the paycheck stub dated April 30, 2020 was for work performed in March.

[2] Plaintiff's Opposition, Record Document 6, p. 4.

involving an unnamed employee,[3] Plaintiff speculates that the statement was about her. However, Plaintiff readily admits that the principal did not mention a name during the meeting and that such speculation was only on "information and belief."[4] Additionally, the alleged statement is not tied to Dr. Bagwell in any manner. Plaintiff alleges that the former principal claimed that the district personnel director instructed him to write up "another teacher on bogus facts in an effort to avoid legal liability," and further claiming that the personnel director was acting on behalf of Dr. Bagwell.[5] However, even if the former principal made such an allegation, and if such allegation was true (which is at all times denied), any purported action taken against "another teacher" was certainly not an action against Plaintiff in violation of *her* constitutional rights. Furthermore, attributing such action to Dr. Bagwell *assumes* the principal's *assumption* – that the district personnel director was acting on behalf of Dr. Bagwell – is somehow worthy of credence.[6] Any link between Dr. Bagwell, the alleged action, and its purported connection to Plaintiff is far too tenuous to act as a bar to qualified immunity. Therefore, should any of Plaintiff's claims survive, all claims against Dr. Bagwell in her individual capacity should be dismissed, with prejudice.

## CONCLUSION

Plaintiff has failed to state any claims of discrimination, retaliation and/or violations of whistle-blower protection and/or breach of any implied covenant of good faith and fair dealing pursuant to federal and/or state law and all such claims should be dismissed in their entirety. To the extent any claims alleged by Plaintiff survive, Plaintiff has failed to state a claim upon which relief can be granted

---

[3] Rec. Doc. 1, ¶ 48.

[4] Rec. Doc. 1, p. 11, fn. 1.

[5] Rec. Doc. 1, ¶ 48.

[6] *Id.*

against Superintendent Teresa Bagwell in either her official or individual capacities and all claims against her should be dismissed, with prejudice.

**Respectfully submitted,** this the 21st day of April, 2021

**HAMMONDS, SILLS, ADKINS & GUICE, LLP**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana   70808
Telephone:   225/923-3462
Facsimile:   225/923-0315

 *s/ Melissa S. Losch*
**ROBERT L. HAMMONDS**
Louisiana Bar Roll No. 6484
**PAMELA WESCOVICH DILL**
Louisiana Bar Roll No. 31703
**MELISSA S. LOSCH, T.A.**
Louisiana Bar Roll No. 26811
**JOHN R. BLANCHARD**
Louisiana Bar Roll No. 37036

## CERTIFICATE OF SERVICE

I do hereby certify that, on the date stated below, a true and correct copy of the above and foregoing **MEMORANDUM** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Plaintiffs of record by operation of the court's electronic filing system.

**BATON ROUGE, LOUISIANA,** this 21st day of April, 2021.

 *s/Melissa S. Losch*
MELISSA S. LOSCH