UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **Patrina Coulon** | * | Civil Action No. 6:21-CV-00019 |
| *Plaintiff* | * | |
| | * | |
| vs. | * | Judge James D. Cain, Jr. |
| | * | |
| **St. Mary Parish School Board, Teresa** | * | |
| **Bagwell, Does 1-10, ABC Insurance Companies** | * | Magistrate Patrick J. Hanna |
| *Defendants* | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes Defendant ST MARY PARISH SCHOOL BOARD ("School Board")[1] and responds to Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against the School Board under any theory of federal or state law.

### SECOND AFFIRMATIVE DEFENSE

The School Board is a political subdivision of the State of Louisiana and, therefore, is protected by the same governmental immunities and limitations of actions as may have existed at the time of the filing of the Complaint, now, or hereafter in the State of Louisiana for political subdivisions under the Louisiana Governmental Claims Act, LA.REV.STAT. 13:5101 *et seq*.

### THIRD AFFIRMATIVE DEFENSE

Any actions taken by the School Board and/or any of its employees regarding Plaintiff were taken in the good faith exercise of the power and authority vested by the laws of the State of Louisiana,

---

[1] Pursuant to this Court's Memorandum Ruling (Rec. Doc. 8) and Judgement (Rec. Doc. 9), all claims against Superintendent Teresa Bagwell in her individual and official capacities have been dismissed and thus this answer is being filed solely on behalf of the remaining Defendant, the St. Mary Parish School Board.

with valid legitimate reasons and justification and with no intent or purpose to harass, retaliate, and/or discriminate against Plaintiff in any way, whether on the basis of sex, race, disability, or otherwise.

**FOURTH AFFIRMATIVE DEFENSE**

The School Board has taken no adverse employment action with respect to Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

The School Board asserts the defense of Failure to Exhaust Administrative Remedies for any claims that may not have been properly brought before the Equal Employment Opportunity Commission ("EEOC").

**SIXTH AFFIRMATIVE DEFENSE**

Punitive damages may not be awarded against a governmental entity such as a political subdivision of the State of Louisiana; therefore, any claim(s) for which such damages may be sought by Plaintiff must be denied.

**SEVENTH AFFIRMATIVE DEFENSE**

The School Board did not breach any duty it may have had with regard to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim for attorney's fees and such claims against the School Board should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in any event, should be denied.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim for any damages whatsoever and/or for declaratory relief and such claims against the School Board should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in any event, should be denied.

**TENTH AFFIRMATIVE DEFENSE**

The claims asserted by Plaintiff herein are frivolous and without reasonable basis in law or in fact. As a result of the filing of this Complaint by Plaintiff, the School Board has been required to obtain the services of the undersigned attorneys and are entitled to receive from Plaintiff reasonable attorney's fees and costs incurred in defense of and through this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

The School Board asserts the defense of prescription against any claims relating to alleged actions which took place more than one (1) year prior to the filing of this action by Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to set forth a prima facie case of discrimination, retaliation and/or whistle-blower protection, harassment (sexual or otherwise), quid pro quo sexual harassment, a hostile working environment, adverse employment action and/or constructive discharge as required by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to take all necessary and appropriate steps to mitigate her damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

While the School Board avers that Plaintiff has suffered no damages as alleged in the Complaint or otherwise for which it is liable, the School Board, alternatively and affirmatively, avers that the damages Plaintiff alleges were incurred, were the result of, and/or were brought about by the actions of or by contribution by the action and/or inaction of Plaintiff and, thus, any such alleged damages should be denied.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages as alleged in the Complaint or otherwise for which the School Board is liable; however, in the event this Court should determine that the School Board acted

unlawfully toward Plaintiff in any manner (which is at all times denied), the School Board, alternatively and affirmatively, avers that any and all damages alleged to have been suffered by Plaintiff were caused (in whole or in part) and/or aggravated by Plaintiff's own actions and/or inactions and, thus, any such damages should be reduced accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

The School Board, alternatively and affirmatively, avers that, while all times denied, should this Court deem any acts and/or omissions which are the subject matter of the instant lawsuit be valid, such are the result of the negligence and/or liability of other third parties for which the School Board is not responsible under the federal or state law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited by the doctrine of after-acquired evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The School Board reserves the right to assert any additional or alternative defenses that may be discovered during the course of additional investigation or discovery.

## **ANSWER**

**AND NOW, FURTHER ANSWERING, THE SCHOOL BOARD RESPONDS TO EACH OF THE NUMBERED PARAGRAPHS IN PLAINTIFF'S COMPLAINT AS FOLLOWS:**

1.

The allegations contained in Paragraph 1 of the Complaint are denied.

2.

The allegations contained in Paragraph 2 of the Complaint are denied, as written.

3.

The allegations contained in Paragraph 3 of the Complaint are denied.

4.

The allegations contained in Paragraph 4 of the Complaint are denied.

5.

The allegations contained in Paragraph 5 of the Complaint are denied.

6.

The School Board denies the allegation that a rat trap was placed in Plaintiff's driveway for lack of sufficient information to justify a belief therein. The remaining allegations contained in Paragraph 6 are denied.

7.

The allegations contained in Paragraph 7 of the Complaint are denied.

8.

The School Board admits, based on information and belief, that Patrina Coulon is a person of the age of majority. The School Board denies that Patrina Coulon is domiciled in St Mary Parish, Louisiana for lack of sufficient information to justify a belief therein. The remaining allegations contained in Paragraph 8 of the Complaint are denied.

9.

The School Board admits that it is a political subdivision of the State with the authority to sue and be sued with all powers and duties as set forth by law.[2] The School Board further admits that it employs twenty or more employees for each working day in each of twenty or more calendar weeks in

---

[2] La. R.S. 17:51; La. R.S. 17:81.

any given year. The remaining allegations contained in Paragraph 9 of the Compliant are denied, as written.

10.

The allegations contained in Paragraph 10 of the Complaint are denied.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The School Board admits that venue is proper pursuant to 28 U.S.C. § 1391. The School Board further admits that it is a political subdivision of the State of Louisiana with its principal office located in the Western District of Louisiana. Based on information and belief, Teresa Bagwell is domiciled in the Western District of Louisiana; however, the School Board would affirmatively aver that all claims against Superintendent Bagwell have been dismissed in both her individual and official capacities.[3] The remaining allegations contained in Paragraph 12 are conclusions of fact and law that do not require an answer; however, to the extent an answer is required, the allegations are denied.

13.

The School Board admits that jurisdiction is proper pursuant to 28 U.S.C. § 1331 and that this Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The remaining allegations contained in Paragraph 13 are conclusions of fact and law that do not require an answer; however, to an extent an answer is required such allegations are denied.

---

[3] Rec. Doc. 8; Rec. Doc. 9.

14.

The School Board denies the allegations contained in Paragraph 14 of the Complaint for lack of sufficient information to justify a belief therein but would affirmatively aver that certified official documents produced by the Equal Employment Opportunity Commission speak for themselves.

15.

The allegations contained in Paragraph 15 of the Complaint are denied, as written.

16.

The allegations contained in Paragraph 16 of the Complaint are denied.

17.

The allegations contained in Paragraph 17 of the Complaint are denied.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in Paragraph 19 of the Complaint are denied.

20.

The allegations contained in Paragraph 20 of the Complaint are denied.

21.

The allegations contained in Paragraph 21 of the Complaint are denied.

22.

The allegations contained in Paragraph 22 of the Complaint are denied.

23.

The allegations contained in Paragraph 23 of the Complaint are denied.

24.

The allegations contained in Paragraph 24 of the Complaint are denied.

25.

The allegations contained in Paragraph 25 of the Complaint are denied.

26.

The allegations contained in Paragraph 26 of the Complaint are denied.

27.

The allegations contained in Paragraph 27 of the Complaint are denied.

28.

The allegations contained in Paragraph 28 of the Complaint are denied.

29.

The allegations contained in Paragraph 29 of the Complaint are denied.

30.

The allegations contained in Paragraph 30 of the Complaint are denied.

31.

The allegations contained in Paragraph 31 of the Complaint are denied.

32.

The allegations contained in Paragraph 32 of the Complaint are denied.

33.

The allegations contained in Paragraph 33 of the Complaint are denied.

34.

The allegations contained in Paragraph 34 of the Complaint are denied.

35.

The allegations contained in Paragraph 35 of the Complaint are denied.

36.

The allegations contained in Paragraph 36 of the Complaint are denied.

37.

The allegations contained in Paragraph 38 of the Complaint are denied.

38.

The allegations contained in Paragraph 38 of the Complaint are denied.

39.

The allegations contained in Paragraph 39 of the Complaint are denied.

40.

The allegations contained in Paragraph 40 of the Complaint are denied.

41.

The allegations contained in Paragraph 41 of the Complaint are denied.

42.

The allegations contained in Paragraph 42 of the Complaint are denied.

43.

The allegations contained in Paragraph 43 of the Complaint are denied.

44.

The allegations contained in Paragraph 44 of the Complaint are denied.

45.

The allegations contained in Paragraph 45 of the Complaint are denied.

46.

The allegations contained in Paragraph 46 of the Complaint are denied.

47.

The allegations contained in Paragraph 47 of the Complaint are denied, as written.

48.

The allegations contained in Paragraph 48 of the Complaint are denied.

49.

The allegations contained in Paragraph 49 of the Complaint are denied.

50.

The allegations contained in Paragraph 50 of the Complaint are denied.

51.

The School Board denies the allegations contained in Paragraph 51 of the Complaint for lack of sufficient information to justify a belief therein but would affirmatively aver that certified official documents produced by the Equal Employment Opportunity Commission speak for themselves.

52.

The School Board denies the allegations contained in Paragraph 52 of the Complaint for lack of sufficient information to justify a belief therein but would affirmatively aver that certified official documents produced by the Equal Employment Opportunity Commission speak for themselves.

53.

The allegations contained in Paragraph 53 of the Complaint are denied.

54.

The allegations contained in Paragraph 54 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

55.

The allegations contained in Paragraph 55 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

56.

The allegations contained in Paragraph 56 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

57.

The allegations contained in Paragraph 57 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

58.

The allegations contained in Paragraph 58 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

59.

The allegations contained in Paragraph 59 are denied.

60.

The allegations contained in Paragraph 60 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

61.

The allegations contained in Paragraph 61 of the Complaint are denied.

62.

The allegations contained in Paragraph 62 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

63.

The allegations contained in Paragraph 63 of the Complaint are denied.

64.

The allegations contained in Paragraph 64 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

65.

The allegations contained in Paragraph 65 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

66.

The allegations contained in Paragraph 66 of the Complaint are denied.

67.

The allegations contained in Paragraph 67 of the Complaint are denied.

68.

The allegations contained in Paragraph 68 of the Complaint are denied.

69.

The allegations contained in Paragraph 69 of the Complaint are denied.

70.

The allegations contained in Paragraph 70 of the Complaint are denied.

71.

The allegations contained in Paragraph 71 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.
.
72.

The allegations contained in Paragraph 72 of the Complaint are denied.

73.

The allegations contained in Paragraph 73 of the Complaint are denied.

74.

The allegations contained in Paragraph 74 of the Complaint are denied.

75.

Theallegations contained in Paragraph 75 of the Complaint are denied.

76.

The allegations contained in Paragraph 76 of the Complaint are denied.

77.

The allegations contained in Paragraph 77 of the Complaint are denied.

78.

The allegations contained in Paragraph 78 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

79.

The allegations contained in Paragraph 79 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

80.

The allegations contained in Paragraph 80 of the Complaint are denied.

81.

The allegations contained in Paragraph 81 of the Complaint are denied.

82.

The allegations contained in Paragraph 82 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

83.

The allegations contained in Paragraph 83 of the Complaint are denied.

84

The allegations contained in Paragraph 84 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

85.

The allegations contained in Paragraph 85 of the Complaint call for a legal conclusion and do not require an answer; however, to the extent an answer is required the allegations are denied.

86.

The allegations contained in Paragraph 86 of the Complaint are denied.

87.

The allegations contained in Paragraph 87 of the Complaint are denied.

88.

Insofar as Paragraph 88 of the Complaint contains a prayer for relief such does not require an answer; however, to the extent an answer is required, the allegations are denied. The School Board would affirmatively aver that it is not liable to Plaintiff for any relief and/or damages or any kind or nature whatsoever, including but not limited to declaratory relief, judgement against the School Board, compensatory damages, special damages, attorney fees, costs, and/or any other relief in law or in equity.

**WHEREFORE,** Defendant St. Mary Parish School Board prays that, after due proceedings be had, there be a judgment entered herein in its favor and against Plaintiff, dismissing Plaintiff's Complaint, with prejudice, and for any and all other relief appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 23rd day of July, 2021.

**HAMMONDS, SILLS, ADKINS & GUICE, LLP**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone: 225/923-3462
Facsimile: 225/923-0315

*s/ Melissa S. Losch*
**ROBERT L. HAMMONDS**
Louisiana Bar Roll No. 6484
**PAMELA WESCOVICH DILL**
Louisiana Bar Roll No. 31703
**MELISSA S. LOSCH, T.A.**
Louisiana Bar Roll No. 26811
**JOHN R. BLANCHARD**
Louisiana Bar Roll No. 37036

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was filed electronically with the Clerk of Court by use of the CM/ECF system, which will send a notice of electronic filing to counsel registered with the Court for receipt of pleadings by email.

**BATON ROUGE, LOUISIANA,** this 23rd day of July 2021.

*/s/ Melissa S. Losch*
MELISSA S. LOSCH