*(Rev. 10/30/18)*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Patrina Coulon | Civil No.   6:21-cv-00019 |
| Plaintiff | |
| VS. | Magistrate Judge   Hanna |
| St. Mary Parish School Board, et al | |
| Defendant | BY CONSENT OF THE PARTIES |

**RULE 26(f) REPORT**

Trial Date:  August 1, 2022

Pretrial Conference Date: July 22, 2022

Type of Trial:  ☐  JURY        ☒  BENCH

Estimated length of trial is 3 court days.

**1. Participants:**

On August 9, 2021, the parties held a FRCP 26(f) conference. Melissa Losch attended for Defendants, David Lanser for Plaintiff.

**2. Affirmation Regarding Initial Disclosures:**

Initial disclosures have been exchanged.

**3. Jurisdictional Basis:**

Plaintiff asserts subject matter jurisdiction for federal claims and supplemental jurisdiction over state law claims pursuant to 42 U.S.C. § 2000e and 28 U.S.C. § 1367. Defendants do not contest this Court has jurisdiction.

**4. Brief Description of Claims:**

This case is about Patrina Coulon, a former paraprofessional at Morgan City High School, who endured harassment from her co-workers and superiors and witnessed harassment of students. The harassment was both sexual in nature as well as harassment based on her race. When she reported the harassment, she was first rebuffed and then terminated.

Ms. Coulon filed suit with claims for various violations of Title VII of the Civil Rights Act, Louisiana Employment Discrimination Law (La. R.S. 23:3021, *et seq*), implied covenant of good faith and fair dealing, and Louisiana's whistleblower protection law.

**5. Brief Statement of Responses:**

The St. Mary Parish School Board submits that there was no harassment of any kind towards Ms. Coulon, she did not witness harassment of any kind, she did not experience a hostile working environment, and she was not subjected to adverse action and/or retaliation in any way. Ms. Coulon, a substitute paraprofessional with the School Board, was friends with the individuals she now claims harassed her and was a willing participant in some off-color, though hardly harassing, communications. Ms. Coulon did not alert anyone about concerns involving her co-workers until after she was reprimanded with respect to her work performance. At the time of the reprimand she had an apparent falling out with one of the individuals now accused of harassing her, and subsequent to the reprimand Ms. Coulon requested that she be transferred so that she would not be required to work with that particular teacher any longer. Ms. Coulon was transferred per her request and on the basis of other valid and legitimate reasons with no intent to retaliate or discriminate against her in any way. As is the nature of a substitute position, once the appointment ended she remained on the substitute list, meaning that she could be – and was – called out for other substitute positions as needed.

**6. Anticipated Amendments to Pleadings and Motions:**

No anticipated amended pleadings or motions at this time.

Defendant anticipates filing a Motion for Summary Judgement.

**7. Anticipated Expert Witnesses:**

Plaintiff is considering hiring an expert in workplace harassment and retaliation, but has not retained anyone at this time.

Defendant may hire a financial expert, expert in psychology, and/or an expert in workplace harassment and retaliation. No experts have been retained at this time.

**8. Discovery Plan:**

Parties agreed that the discovery schedule as set forth in the Scheduling Order (R. Doc. 17) is acceptable and no alterations are necessary at this time.

**9. Stipulations:**

The parties will work together to determine whether stipulations can be agreed to in advance of trial.

**10. Major Issues of Fact and Law in Dispute:**

- Whether Defendants discriminated against Plaintiff in violation of Title VII of the Civil Rights Act on the basis of sex;
- Whether Defendants discriminated against Plaintiff in violation of Title VII of the Civil Rights Act on the basis of race;
- Whether Defendants retaliated against Plaintiff in violation of Title VII of the Civil Rights Act;
- Whether Defendants perpetuated a hostile work environment in violation of Title VII of the Civil Rights Act;
- Whether Defendants violated Louisiana Employment Discrimination Law;
- Whether Defendants violated Plaintiff's rights under Louisiana's whistleblower law,
- Whether Defendants breached the Implied Covenant of Good Faith and Fair Dealing;
- Whether any of Defendants' affirmative defenses bar or mitigate relief; and
- The quantum of Plaintiff's damages.

**11. Related Case Information:**

No related cases identified.

**12. Surveillance Evidence:**

Parties opt in to the former procedure regarding surveillance evidence.

**13. Alternative Dispute Resolution (ADR):**

No alternative dispute resolution is currently scheduled, but parties are amenable to a settlement conference with the Magistrate Judge as early in litigation as tenable.

**14. Rule 16 Conference:**

The parties do not seek a Rule 16 conference at this time.

**15. Electronic Courtroom:**

The parties anticipate that this case will involve the admission of a reasonable amount of documents at trial and are prepared to present exhibits per the Court's electronic presentation equipment. The parties will make arrangements with the Court prior to trial to set up an appointment to become familiar with the electronic presentation equipment available.

**16. Electronically Generated Exhibits or Aids:**

The parties are not in a position to determine if electronically generated exhibits or aids are necessary at trial, other than electronically-generated demonstratives.

**17. <u>Handicap Provisions</u>:**

At this time, the parties do not anticipate the need for handicap accommodations for any party, witness, counsel, or other trial participant.

**18. <u>Certification</u>:**

The undersigned counsel hereby certify that this report is accurate and complete.

| August 13, 2021 | /s/ David Lanser |
|---|---|
| (Date) | (Signatures[1] of Trial Counsel) |
| August 13, 2021 | /s/Melissa S. Losch |

---

[1] Electronic signatures complying with LR 5.7.08 may be used.