UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PATRINA COULON** | **CASE NO.  6:21-CV-00019** |
| **VERSUS** | **JUDGE JUNEAU** |
| **SCHOOL BOARD OF ST MARY PARISH ET AL** | **MAGISTRATE JUDGE HANNA** |

## SCHEDULING ORDER

The following case-specific deadlines are hereby set in accordance with Fed. R. Civ. P. 16(b):

| | |
|---|---|
| BENCH TRIAL: | August 22, 2022 at 9:30 a.m. in Lafayette, Ctrm 1 before JUDGE Michael J. Juneau. (Counsel shall report to the judge's chambers thirty minutes prior to the start of trial.) |
| PRETRIAL CONFERENCE ("PTC"): | August 11, 2022 at 11:30 a.m. in chambers in Lafayette before JUDGE Michael J. Juneau. |

| PRETRIAL DEADLINES: | | FOR: |
|---|---|---|
| \*\*/\*\*/\*\* | 1. | **Initial Disclosures.**  *See* Fed. R. Civ. P. 26(a)(1). Under Rule 26(a)(1)(D), "A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined. . . ." |
| \*\*/\*\*/\*\* | 2. | **Rule 26(f) Conference of Parties.**  *See* Fed. R. Civ. P. 26(f).  Note:  No discovery may take place before the conference absent agreement of the parties or court order.  Fed. R. Civ. P. 26(d)(1). |

| | | |
|---|---|---|
| \*\*/\*\*/\*\* | 3. | **Rule 26(f) Report to Court.** The format for this report is available at http://www.lawd.uscourts.gov and Fed. R. Civ. P. 26(f). |
| 2/14/2022<br>180 days before the PTC | 4. | **Joinder of Parties and Amendment of Pleadings.** *See* Fed. R. Civ. P. 14 and 15. |
| Within five days of receipt | 5. | **Copies of Reports of Treating Physicians.** Copies of such reports are to be furnished to opposing counsel, not filed in the record. This Court need not be notified when such reports are furnished. |
| 1/13/2022<br>210 days before the PTC | 6. | **Plaintiff's Expert Information/Reports.** *See* Fed. R. Civ. P. 26(a)(2)(B). Counsel are cautioned that experts will not be allowed to testify regarding material not contained within their reports. |
| 2/14/2022<br>180 days before the PTC | 7. | **Defendant's Expert Information/Reports.** *See* Fed. R. Civ. P. 26(a)(2)(B). Counsel are cautioned that experts will not be allowed to testify regarding material not contained within their reports. |
| 3/14/2022<br>150 days before the PTC | 8. | **Discovery Completion and Discovery Motions.** This is the deadline for completion of all discovery and for submission of any discovery motions (e.g., motions to compel). This discovery deadline includes production of surveillance evidence, unless the parties opted in to the Lafayette Division's former surveillance evidence procedure in their Rule 26(f) report. (Leave of court must be obtained before taking the deposition of a surveillant.) A discovery request will be deemed untimely unless the response to that request would be due before the discovery deadline. |
| 4/13/2022<br>120 days before the PTC | 9. | **Dispositive Motions.** Dispositive motions must be filed by this date. |

| | | |
|---|---|---|
| 4/13/2022<br>120 days before the PTC | 10. | ***Daubert* Motions.** *Daubert* motions must be filed by this date. *Daubert* motions are challenges to expert testimony and exhibits or demonstrative aids based upon grounds that they are not relevant or reliable under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). |
| 7/12/2022<br>30 days before the PTC | 11. | **Motions in Limine.** Motions in limine must be filed by this date. Any response must be filed within seven (7) days. |
| 7/12/2022<br>30 days before the PTC | 12. | **Meeting of Counsel to Complete the Pretrial Order.** This meeting must include all TRIAL counsel, but may be by telephone unless otherwise ordered by this Court. |
| 7/28/2022<br>14 days before the PTC | 13. | **Joint Pretrial Order.** The joint pretrial order (and all required attachments) must be filed with the Clerk of Court by this date. A fillable form for this report is available at http://www.lawd.uscourts.gov. A copy of the pretrial order (and all required attachments) must be submitted via e-mail to Judge Juneau at Juneau_motions@lawd.uscourts.gov in Word format.<br><br>For Jury Trials:<br>a. A single jointly-submitted set of jury instructions and a single jointly-submitted jury interrogatory form must be attached to the pretrial order.<br>b. Any dispute concerning a jury instruction or interrogatory must be noted, with proper page-specific cites to the jurisprudence being relied upon to support each party's position. If the dispute is one of fact to be proven at trial, the fact at issue shall be identified, and the language for an instruction supporting each factual scenario shall be attached noting its application |

to that fact, if found.  The parties must be prepared to discuss disputes as to jury instructions and jury interrogatories at the pretrial conference.
c.  Counsel shall not duplicate this Court's boilerplate jury instructions.  Copies will be provided upon request.
d.  Jury instructions taken from the Fifth Circuit Pattern Instructions or from the Louisiana Pattern Instructions may be identified by number only and citation to the edition of the volume used.
e.  Proposed voir dire questions specific to a party or issue must be attached to the pretrial order.

For Bench Trials:
Each party's proposed findings of fact and conclusions of law must be attached to the pretrial order. The conclusions of law from plaintiff are to contain each claim made against each defendant, the remedy or remedies sought, the basis in law relied upon for those claims and remedies, and any jurisprudential gloss upon any statute or code article relied upon with the page cite of the specific language relied upon supporting or interpreting each of plaintiff's claims and remedies. Plaintiff is to cite the standard or burden of proof it must prove as to each claim, including any right to attorneys' fees. Defendants are to respond to plaintiff's claims in the same format, if possible, and additionally cite any affirmative defenses relied upon with the same level of specificity required for plaintiff (i.e., basis in law, jurisprudential gloss, etc.)

| | | |
|---|---|---|
| 7/28/2022<br>14 days before the PTC | 14. | **Bench Books.**  The parties shall deliver two bench books to Judge Juneau's chambers for use by the judge and law clerk at trial.  The bench books should be tabbed and indexed with a cover sheet on which each party is to state all objections to the admissibility of exhibits.  A third copy of the bench book shall be placed at the witness stand |

-4-

|  |  |  |
|---|---|---|
|  |  | on the morning of the trial for use by testifying witnesses.  The original exhibits must be entered into evidence at trial.  After trial, the exhibits actually admitted must also be submitted on CD-ROM. |
| 7/28/2022<br>14 days before the PTC | 15. | **Trial Depositions.**  All depositions to be used at trial, including video depositions, shall be edited to remove nonessential, repetitious, and unnecessary material, as well as objections and colloquy of counsel.  A copy of any edited trial depositions (paper or video for non-jury trials; video for jury trials are preferred) shall be included in the bench books.  All objections thereto must be filed and briefed by this deadline.  Objections to deposition testimony will be waived unless submitted along with the deposition transcripts. |
| 8/4/2022<br>7 days before the PTC | 16. | **Real Time Glossary.**  The real time glossary shall be delivered to the Clerk of Court in Lafayette by this date, for transmittal to the court reporter.  The glossary shall contain all "key word indexes" from all depositions taken in the case, all witness lists, all exhibit lists, and copies of all expert reports. |
| 8/4/2022<br>7 days before the PTC | 17. | **Affirmation of ADR Efforts.**  On or before this date, the parties must participate in either (a) private mediation before a third-party mediator, or (b) a settlement conference before the magistrate judge.  An affirmation must be filed with the Clerk of Court by this date, setting forth the date the parties participated in ADR.  The affirmation should not disclose any monetary amounts discussed. |

A copy of any dispositive motions, *Daubert* motions, or motions in limine, as well as a copy of the pretrial order (with all required attachments) shall be **e-mailed to Judge Juneau** at Juneau_motions@lawd.uscourts.gov in Word format.

All matters that must be exchanged among counsel must be exchanged by hand delivery or certified mail, unless all counsel agree otherwise, IN WRITING, or unless this Court orders otherwise.

All deadlines in this order are case specific and override any deadlines for the same matter found in an applicable rule of civil procedure. All other deadlines in the Federal Rules of Civil Procedure shall govern this case and shall be enforced by this Court. Counsel should note Rule 26 and Rule 37(c)(1).

This Court will enforce Fed. R. Civ. P. 30, particularly Rule 30(a)(2)(A) (the ten-deposition rule) and Rule 30(d)(1) (the rule limiting depositions to one day/seven hours), absent written stipulation of the parties or court order. This Court shall enforce Rule 26 unless changed by this case-specific order or by subsequent court order.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 5th day of October, 2021.

> BY DIRECTION OF THE COURT
> TONY R. MOORE, CLERK
>
> BY: s/Chris Guidry
> Deputy Clerk

**PRETRIAL ORDER REQUIREMENTS**

United States District JUDGE Michael J. Juneau

1. **Jurisdictional Basis.**

    The jurisdictional basis for all claims shall be explained.

2. **Claims and Responses.**

    Any party asserting a claim shall identify the following, as to each claim: (1) the law and any contractual provision supporting the claim; (b) the remedy prayed for as to each defendant; and (c) the law supporting that remedy as to that defendant. This requirement applies to all counterclaims, cross-claims, third-party claims, and interventions, and the parties shall state whether they have stipulated to any intervention.

    Each party against whom a claim has been asserted shall provide the following information: (a) the basis or lack thereof for each claim; (b) all affirmative defenses asserted and the legal bases therefor; (c) whether the dispute in question is one of law, fact, or contractual interpretation; and (d) the law supporting the responses.

    If a bench trial is scheduled, the information regarding claims and responses contained in this section shall be supplemented by page-specific citations to supporting jurisprudence as to each claim, remedy, defense, and allegation.

    FAILURE TO INCLUDE A CLAIM OR DEFENSE IN THIS ORDER WILL CONSTITUTE ABANDONMENT OF THE CLAIM OR DEFENSE.

3. **Issues of Fact and Issues of Law.**

    Identify any TRUE issues of fact or law that remain unresolved as of the pretrial conference.

4. **Stipulations.**

List any matters to which the parties have stipulated. Counsel are encouraged to stipulate to as many factual and legal issues as possible in the interest of reducing costs and delays at trial. If the matter will be tried to a jury, counsel shall state whether the stipulations are to be read to the jury.

5. **Will Call Witnesses.**

Each party shall set out a will call witness list that conforms to the requirements of Fed. R. Civ. P. 26(a)(3)(A) and include a brief summary (no more than two to three sentences) of the subject matter to which each witness will testify. Witnesses who are called exclusively for impeachment need not be listed. Counsel are to omit or redact any personal identifiers, in conformity with Fed. R. Civ. P. 5.2 and LR 5.7.12.

6. **May Call Witnesses.**

Each party shall set out a may call witness list that conforms to the requirements of Fed. R. Civ. P. 26(a)(3)(A) and include a brief summary of the subject matter to which each witness will testify. Counsel are to omit or redact any personal identifiers, in conformity with Fed. R. Civ. P. 5.2 and LR 5.7.12.

7. **Exhibits.**

Each party shall set out an exhibit list, identifying the exhibits the party **will use** at trial, and conforming to the requirements of Fed. R. Civ. P. 26(a)(3)(A)(iii). Counsel are to omit or redact any personal identifiers, in conformity with Fed.R.Civ.P. 5.2 and LR 5.7.12.

8. **Objections to Witness and Exhibit Lists.**

Each party shall list any objections to the witness or exhibits lists of another party, including those objections contained in Fed. R. Civ. P. 26(a)(3)(B). ANY OBJECTIONS NOT SPECIFICALLY STATED IN THE PRETRIAL ORDER ARE

DEEMED WAIVED UNLESS EXCUSED BY THE COURT FOR GOOD CAUSE SHOWN. If an exhibit has been objected to, a copy of the disputed exhibit must be made available for review at the pretrial conference.

9. **Counsel Affirmations.**

Counsel for each party shall affirm:

a. That he or she is aware that exhibits are to be published to the jury by use of the Visual Presenter or a portable data storage device (e.g., flash drive, CD-ROM, etc.) unless consent of this Court is obtained upon a showing of impracticality or prejudice.

b. That he or she is familiar with the operation of the electronic equipment available in the courtroom, or note the date he or she has scheduled with the Electronic Coordinator for the Western District of Louisiana for training.

c. That good faith settlement negotiations have been engaged in within one week prior to the pretrial conference.

d. The need, if any, for handicap provisions that are provided by the Court.