## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **Patrina Coulon** | \* | Civil Action No. 6:21-CV-00019 |
| *Plaintiff* | \* | |
| | \* | |
| vs. | \* | Judge James D. Cain, Jr. |
| | \* | |
| **St. Mary Parish School Board, Teresa** | \* | |
| **Bagwell, Does 1-10, ABC Insurance Companies** | \* | Magistrate Patrick J. Hanna |
| *Defendants* | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PROTECTIVE ORDER

**NOW INTO COURT,** through undersigned counsel, comes, Plaintiff Patrina Coulon, and Defendant, St. Mary Parish School Board (hereinafter sometimes referred to as "School Board"), who respectfully submit the following Protective Order for review and approval.

1.

Prior to disclosure, Plaintiff and Defendant agree upon and submit this protective/confidentiality order to govern disclosure of school employee records in accordance with Louisiana law (LA. REV. STAT. § 17:1237(A)) to ensure maintenance of the confidentiality of such information.

2.

Therefore, the Plaintiff and Defendant (hereinafter, cumulatively the "Parties") mutually agree to and stipulate to the following Protective Order (or hereinafter sometimes "Order"):

IT IS hereby ORDERED that:

(1) This Protective Order is being entered into to facilitate the production, exchange and discovery of documents and information. This Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given or exchanged by and among the Parties and any non-parties to the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

(2) As used herein:

(a) "Employee Records" shall have the meaning as defined in the School Employees Personnel File Act (SEPFA) (LA. REV. STAT. § 17:1237) and shall include documents related to employee discipline and/or investigations related to employee conduct.

(b) "Producing Party" shall mean the parties to this action and any non-parties producing "Employee Records" in connection with this Litigation.

(c) "Receiving Party" shall mean the parties to this action and any non-parties receiving "Employee Records" in connection with this Litigation.

(d) The word "and" and the word "or" shall be construed conjunctively or disjunctively as necessary to make the condition/statement inclusive rather than exclusive.

(3) Except with the prior written consent of the Producing Party or by Order of this Court, information designated as "Employee Records" shall not be furnished, shown or disclosed to any person or entity by the Receiving Party except to:

(a) Personnel of plaintiff or defendants actually engaged in assisting counsel in the conduct of this Litigation and who have been advised of their obligations hereunder;

(b) Former personnel of plaintiff or defendants actually engaged in assisting counsel in the conduct of this Litigation, and their counsel, provided, however, that prior to disclosure, the disclosing party shall request that such persons and their counsel execute a written agreement, in the form of Exhibit A attached hereto (the "Confidentiality Undertaking"), to comply with and be bound by its terms. Should said persons refuse to execute the Confidentiality Undertaking, the "Employee Records" shall not lose status as "Employee Records" or through such disclosure;

(c) Counsel for any party in this Litigation and their associated and temporary attorneys, paralegals and other professional personnel (including support staff), and service vendors (including outside copying and litigation support services) who are directly assisting such counsel in the conduct of this Litigation, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(d) Expert witnesses or consultants who have been consulted for the purpose of being retained, or who have been retained by the Parties or their counsel to furnish assistance, technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation; and the employees of such experts or consultants when working in connection with this Litigation under the direct supervision of said persons, provided, however, that such "Employee Records" are furnished, shown or disclosed in accordance with this Order or further order of this Court;

(e) The Court and court personnel;

(f) An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with this Order or further order of this Court;

  (g) Trial and deposition witnesses, and their counsel, during the course of, and to the extent necessary, in preparation for depositions or testimony in this Litigation, provided, however, that such "Employee Records" disclosed in accordance with this Order or further order of this Court, and that prior to disclosure, the disclosing party shall request that such persons and their counsel execute a copy of the Confidentiality Undertaking. Should said persons refuse to execute the Confidentiality Undertaking, the "Employee Records" shall not lose its status as Confidential Information through such disclosure; and

  (h) Any other person agreed to by the Parties.

(4) "Employee Records" shall be utilized by the Receiving Party and its counsel only for purposes of this Litigation and for no other purposes.

(5) Before any disclosure of "Employee Records" is made to an expert witness or consultant pursuant to paragraph 3(d) hereof, counsel for the Receiving Party shall obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

(6) In the event that a Receiving Party seeks to use "Employee Records" during any hearing or trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as ""Employee Records" through such use. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings.

(7) This Order shall not preclude counsel for the parties from using "Employee Records" during any deposition in this action, provided that disclosure of the "Employee Records" to any deponent is in compliance with this order.

(8) Filing of Confidential Information:

(a) A Receiving Party who seeks to file with the Court any Discovery Material that has previously been designated as comprising or containing "Employee Records, and any pleading, brief or memorandum which discloses "Employee Records", shall make a good faith effort to provide the Producing Party with reasonable notice under the circumstances (where possible, the notice shall be given at least seven days in advance, and in writing), of its intent to file such material with the Court, so that the Producing Party may file a motion to seal such "Employee Records". The "Employee Records" shall not be filed until the Court renders a decision on the motion to seal. If the Court issues an order directing sealing, the Producing Party shall file such "Employee Records" under seal.

(b) All documents submitted to the Court for filing under seal should be submitted in accordance with the United States District Court for the Western District of Louisiana's rules regarding submission of documents under seal or in accordance with any other rules and policies of the Court, that may be in effect at the time the documents are submitted to the Court.

(c) All pleadings, briefs or memoranda which disclose any documents which are comprised of or contain "Employee Records" shall identify such documents with sufficient particularity.

(d) Nothing herein shall prevent the Parties from providing courtesy copies of pleadings, briefs or memoranda to the Court.

(9) Any person receiving "Employee Records" shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

(10) Extracts and summaries of the "Employee Records" shall also be treated as confidential in accordance with the provisions of this Order.

(11) The production or disclosure of "Employee Records" shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

(12) This Order shall not prejudice the right of either party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of "Employee Records" as inappropriate.

(13) The provisions of this Order shall be binding upon the Parties. All modifications of, waivers of and amendments to this Order must be submitted for this Court's approval by motion, after the Parties confer in good faith.

(14) If any person receiving documents covered by this Order (the "Receiver") is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (all, collectively, a "Demand"), and such Demand seeks Discovery Material which are "Employee Records"by someone other than the Receiver, the Receiver shall give prompt written notice by hand or electronic or facsimile transmission, within five (5) business days of receipt of such Demand, to the person or party who produced or designated the material as "Employee Records".  The Receiver shall not produce any of the Producing Party's "Employee Records", unless otherwise Court-ordered or required by law, for a period of at least five (5) days after providing the required notice to the Producing Party.  If, within five (5) days of receiving such notice, the Producing Party gives notice to the subpoenaed party that the Producing Party opposes production of its "Employee Records", the Receiver shall object, citing this Order, and not thereafter produce such "Employee Records", except as Court-ordered or required by law. The Producing Party shall be solely responsible for pursuing any objection to the requested production. Nothing herein shall be construed as requiring the

Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of ""Employee Records" covered by this Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event that "Employee Records" is produced to a non-party to this Order in response to a subpoena or document demand, such Discovery Material shall continue to be treated by the parties in accordance with this Order.

(15) This Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Order. The provisions of this Order shall, absent prior written consent of all parties or order of a court of competent jurisdiction, continue to be binding after the conclusion of this action.

(16) Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

(17) Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all "Employee Records" produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy

        of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

(18)    Any party may object to the propriety of the designation of specific material as Confidential by serving a written objection upon the Producing Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party may move the Court for an order withdrawing the designation as to the specific designations on which the Parties could not agree. Counsel may agree to reasonable extensions of the twenty (20) day period, if necessary. On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential under applicable law. In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

(19)   This Order may be modified by further order of this Court, and without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO ORDERED, Lafayette, Louisiana this  6th  day of  January , ~~2021.~~ 2022

_____
**HONORABLE PATRICK J. HANNA**
**MAGISTRATE JUDGE**

9

**RESPECTFULLY SUBMITTED:**

/s/ *David Lanser*
David Lanser (La. Bar No. 37764)
William Most (La. Bar No. 36914)
Law Office of William Most
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 533-4521
Email: david.lanser@gmail.com

Attorney for Plaintiff

**HAMMONDS, SILLS, ADKINS & GUICE, LLP**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana   70808
Telephone:   225/923-3462
Facsimile:    225/923-0315
*s/Melissa S. Losch*
**ROBERT L. HAMMONDS**
Louisiana Bar Roll No. 6484
**MELISSA S. LOSCH, T.A.**
Louisiana Bar Roll No. 26811
**PAMELA WESCOVICH DILL**
Louisiana Bar Roll No. 31703
**JOHN R. BLANCHARD**
Louisiana Bar Roll No. 37036

Attorneys for Defendant