## DECLARATION OF ALICIA MORRIS

I, Alicia Morris, have read this declaration and hereby agree, under penalty of perjury, that I have personal knowledge of, do certify, and further state:

1. I am employed with the St. Mary Parish School Board and have served as Administrative Assistant in the Human Resources (HR) Department since June/July of 2019. Prior to that I worked as a Clerk Typist II in the HR department. In both positions I handled general HR administrative matters and much of the duties overlap.

2. I was in the role of Clerk Typist II when Ms. Patrina Coulon was hired as a day-to-day substitute, and I handled her initial paperwork and fingerprinting. She applied as a day-to-day substitute in the cafeteria, and as she was being finger printed she informed me that she would also be interested in being a substitute paraprofessional and/or teacher.

3. At that time I informed Ms. Coulon of the temporary nature of substitute position, both day-to-day and long-term, as was my ordinary practice with all newly hired substitutes.

4. Day-to-day substitutes may be placed in long-term substitute positions when a need is identified by school principals. With paraprofessionals, principals must obtain approval from Ms. Debra McClarity, Director of Special Education, for whether a long-term substitute is needed and, if so, Ms. McClarity determines who is placed in the position. Ms. McClarity will consider recommendations from principals if they have a recommendation.

5. Day-to-day substitutes may also become long-term substitutes automatically if they are working in the same position for over 21 consecutive school days.

**Exhibit C**

6. Anytime a day-to-day substitute is converted to a long-term substitute, their name is removed from the list that principals use on a day-to-day basis as short-term needs arise. For the long-term substitute, they will continue in that role and at that location until the need for a long-term substitute is over.

7. Long-term substitute positions last until the individual whose position was being covered returns, or until an individual with the necessary qualifications/certifications is hired for positions that are vacant. If neither of these things happen during the schoolyear, the long-term position ends upon the last day of the schoolyear.

8. Once the long-term position has ended, the individual is automatically moved back to the day-to-day substitute list such that they may be called out for short-term needs.

9. Ms. Coulon was placed in a long-term substitute paraprofessional position at Morgan City High School in January of 2019, and that position ended on the last day of the schoolyear. Because no one with the required credentials/certifications was hired, there was a continued need for a long-term substitute paraprofessional in the Fall of 2019. Upon Mr. Fabre's recommendation, Ms. McClarity approved Ms. Coulon to be placed back into that position, which was anticipated to last until the end of the schoolyear or upon the hiring of a permanent paraprofessional with the required credentials/certifications, whichever came first.

10. Ms. Coulon's position as a long-term substitute paraprofessional at Morgan City High School officially ended on or about December 6, 2019.

11. Ms. Coulon's name was placed back onto the day-to-day substitute list at that time

12. On or around December 16, 2019, Ms. Coulon contacted me to request a separation letter explaining that her long-term substitute position had ended (See Attachment A, letter dated December 15, 2019). This letter was applicable only to the long-term substitute position, not to her name remaining on the day-to-day substitute list.

13. I explained to Ms. Coulon via telephone that the reason she was not placed into a different long-term substitute position was because there were no such positions available at the time.

14. Ms. Coulon was called out to provide day-to-day substitute teaching services and substitute bus driving services in February and March of 2020, which she provided.

15. In or around April of 2020 Ms. Coulon contacted Kim Fusielier and asked to be removed from the substitute list. Ms. Fusielier contacted me and I removed her name from the list at that time.

16. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury in accordance with the laws of the United States of America that the foregoing statements are true and correct.

EXECUTED, this the 24th day of March, 2022

Alicia Morris

| MICHAEL E. TAYLOR | TERESA S. BAGWELL, Ed. D. | PEARL B. RACK |
|---|---|---|
| PRESIDENT | SUPERINTENDENT | VICE PRESIDENT |

## St. Mary Parish School Board

December 16, 2019

To Whom It May Concern:

Ms. Patrina Coulon was in a long-term substitute para position for the St. Mary Parish School Board. Her hire date for this position 08/05/2019. The long-term substitute position ended on 12/06/2019. Substitute positions are temporary. When she worked, she was paid a month behind (ex if she worked in May she will be paid at the end of June). If we can be of any further assistance in this matter, please feel free to contact this office at 337-836-9661.

Sincerely,

*Alicia Morris*

Alicia Morris
Administrative Assistant
Human Resources

# ATTACHMENT A
# ALICIA MORRIS DECLARATION

P.O. BOX 170, CENTERVILLE, LA 70522-0170
(337) 836-9661

FAX NUMBER
(337) 836-5461

474 HIGHWAY 317, CENTERVILLE, LA
www.stmaryk12.net