3UNITED STATES DISTRICT COURT
WESTERN  DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| Patrina Coulon | * | Civil Action No. 6:21-CV-00019 |
| *Plaintiff* | * | |
| | * | |
| vs. | * | Judge Robert R. Summerhays |
| | * | |
| St. Mary Parish School Board, Teresa | * | |
| Bagwell, Does 1-10, ABC Insurance Companies | * | Magistrate Patrick J. Hanna |
| *Defendants* | * | |
| | * | |

**************************************************************************

**REPLY TO PLAINTIFF'S OPPOSITION TO
SCHOOL BOARD'S MOTION FOR SUMMARY JUDGEMENT**

**NOW INTO COURT**, through undersigned counsel, comes defendant, St. Mary Parish School Board ("School Board"), who offers this brief reply to address Plaintiff's misstatements of the facts and evidence in the record, and of the School Board's arguments raised in its Motion for Summary Judgment.  The School Board has not necessarily addressed every argument presented in Plaintiff's opposition to its summary judgment motion but submits this reply only to those issues that require further response.   As explained below, the School Board would show that the Plaintiffs wholly fail to present any competent evidence in support of her claims upon which a reasonable fact finder could rely to find in favor of Plaintiff, and the School Board's Motion for Summary Judgment should be granted.

**FACTS**

In the interest of judicial efficiency and to avoid unnecessary duplication, the School Board incorporates by reference the detailed facts and arguments set forth in its Memorandum in Support of Motion for Summary Judgment ("MSJ Memorandum"), which are simple and un-controverted,

1

along with all exhibits attached thereto.[1]  Furthermore, the School Board would refer to the detailed responses set forth in its Reply to Plaintiff's Response to the School Board's Statement of Undisputed Facts with additional supporting exhibits filed contemporaneously herewith, which addresses Plaintiff's futile attempt to create issues of fact where none exist.[2]   Plaintiff simply submits no competent evidence to refute the School Board's well supported Motion for Summary Judgement and, thus, the Motion for Summary Judgement should be granted.

## LAW AND ARGUMENT

### I.      Summary Judgement Standard

A Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[3]  The School Board incorporates by reference the legal standard set forth in its MSJ Memorandum.[4]  In addition, and central to this Reply to Plaintiff's Opposition,[5] a dispute is only *genuine* if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party.[6]  A fact is only *material* if its resolution could affect the outcome of the action.[7]  Here, despite Plaintiff's futile attempt to create an issue of fact where none exist, the *genuinely* undisputed *material* facts in this case can only lead a trier of fact to conclude in favor of the School Board as to all of Plaintiff's claims.  Therefore, the

---

[1] School Board's MSJ Memorandum, Rec. Doc. 31-1; Rec. Docs. 31-5 through 31-28.
[2] School Board's Reply to Plaintiff's Response to Statement of Undisputed Material Facts (Reply Statement of Facts) along with Exhibit T, Declaration of Suzanne Bergeron, Exhibit U, conversation recorded by Plaintiff with Alicia Morris, Exhibit V, 30(b)(6) deposition filed in its entirety, and Exhibit W, email regarding hire of two (2) LPN's dated November 18, 2019 (exhibit No. 8 to 30(b)(6) deposition testimony), all filed contemporaneously herewith.
[3] Fed. R. Civ. P. 56(a).
[4] Rec. Doc. 31-1, pp. 11-13.
[5] Rec. Doc. 35, Plaintiff's Opposition; Rec. Doc. 35-1, Plaintiff's Response to School Board's Statement of Undisputed Material Facts.
[6] *Westfall v. Luna,* 903 F.3d 534, 546 (5th Cir. 2018).
[7] *Sierra Club, Inc. v. Sandy Creek Energy Associates, L.P.,* 627 F.3d 134, 134 (5th Cir. 2010)

School Board is entitled to judgment as a matter of law and this case should be dismissed in its entirety.

## II.  Legal Analysis and Argument

### A.        No Genuine Dispute of Material Facts

As an initial matter, Plaintiff incorrectly asserts that the School Board did not comply with Fed. R. Civ. Proc. 56 and local rules by properly citing to evidence within its Statement of Undisputed Material Facts (Statement of Facts), and argues that the School Board's Statement of Facts should not be considered.[8]   The School Board has complied with all federal rules of civil procedure and the local rules of this Court.  To avoid duplication the School Board incorporates by reference the introductory paragraph specifically set forth in its Reply to Plaintiff's Response to Undisputed Material Facts, and on the bases set forth therein, all Statements of Fact submitted by the School Board are properly before the Court and Plaintiff's request should be denied.[9]

Next, the Plaintiff claims that because she disputes "at least twenty-five" of School Board's Statement of Facts, that the Motion for Summary Judgement must be denied.  While certainly Plaintiff would seek to dispute facts contrary to her cause, any such dispute must be *genuine*, i.e., if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party.[10] For the reasons fully explained in the School Board's Reply to Plaintiff's Response to Undisputed Material Facts filed contemporaneously herewith, the evidence when reviewed it its entirety clearly does not support that a reasonable fact finder could render a verdict in favor of Plaintiff and, thus,

---

[8] Rec. Doc. 35, p. 8-9; Rec. Doc. 35-1, introductory paragraph at p. 1.
[9] School Board's Reply to Plaintiff's Response to Statement of Undisputed Material Facts, filed contemporaneously herewith, p. 1.
[10] *Westfall v. Luna*, 903 F.3d at 546.

no *genuine* dispute as to any one of the School Board's statements of fact contained therein exists. Summary judgement on behalf of the School Board is proper.

**B.      No Title VII Sexual Harassment and/or Hostile Working Environment**

In the interest of judicial efficiency and to avoid unnecessary duplication the School Board incorporates by reference the arguments raised in Section II(A) of its MSJ Memorandum.[11]   Despite Plaintiff's futile attempts to claim the alleged conduct was unwelcome, the competent evidence in the record of Plaintiff's own conduct with the alleged harassers both at school and in the community could lead no reasonable finder of fact to believe that the conduct of Plaintiff's co-workers was offensive and/or unwelcome.[12]   The record reviewed in its entirety clearly shows a group of co-workers who were friends and who engaged in many conversations and activities, and the evidence simply does not support that Plaintiff was an unwilling participant.[13]   Contrary to Plaintiff's assertion, it is not the School Board's argument that there can never be sexual harassment or a hostile work environment where the parties may otherwise be friends, nor that there can never come a point where once acceptable behavior crosses a line.   This is a fact specific situation, and it is the School Board's well supported position that under the facts of this case there was no sexual harassment or hostile work environment among this particular group of friends.   Importantly and critical to her claim, Plaintiff *never* informed or even *implied* that the conversations and actions described in her lawsuit, even if they occurred exactly as described, were unwelcome.[14] Furthermore, Plaintiff's continued engagement in activities with the group - both in and out of school - and her own unsolicited communications with the group and maintenance of non-work

---

[11] Rec. Doc. 31-1, pp. 13-16
[12] Rec. Doc. 31-1, pp. 1-16.
[13] *Id.*
[14] The School Board emphatically denies Plaintiff's allegations regarding actions and conversations that occurred at school; however, because there is no evidence that even if true, such was unwelcome, the fact of whether one of more of the described incidents occurred is immaterial.

related relationships, there was no possible way the alleged "harassers" could have believed that their banter was unwelcome or that Plaintiff was offended in any way.[15]

In order for the School Board to be liable to Plaintiff under a Title VII hostile work environment theory, the ultimate question is whether the work environment was both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.[16]   Further, whether a work environment is considered "hostile" or "abusive" is determined by looking at all the circumstances, including, "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance."[15] In this case, the actions of the Defendants were not offensive, threatening, humiliating, and most importantly, despite what she says now, unwelcome by the Plaintiff.   Instead, it is clear from the record and the totality of the circumstances that the Plaintiff shared a friendly and personal relationship with a number of her close co-workers and welcomed their conversations.[16]   Whether or not Plaintiff was uncomfortable with the banter, the record is clear that her behavior gave no indication of such.   Accordingly, it was entirely reasonable for Plaintiff's co-workers to believe that the banter they had with the Plaintiff - and each other - were acceptable based on Plaintiff's actions, her historically friendly relationship with them, and her inaction in notifying the group that she found the banter offending or unwelcome.[17]   The record documents and briefing provided by

---

[15] See School Board's Reply to Response to Statement of Undisputed Facts filed contemporaneously herewith, including the plethora of supporting evidence in the record as cited therein, pp. 10-12, Statement Numbers 10-30.  See also Rec. Doc. 31-1, MSJ Memorandum, pp. 5-6, 10-11, and 15.

[16] Civil Rights of 1964, § 701 *et seq.*, 42 U.S.C.A. § 2000e *et seq*; See also *Shepherd v. Comptroller of Pub. Accts. of State of Texas*, 168 F.3d 871, 874 (5th Cir. 1999).

[15] *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993).

[16] Rec. Doc. 31-1, pp. 5-6, MSJ Memorandum.

[17] The School Board does not dispute that some participation in sexualized conversations or behavior does not necessarily render an action welcome, but the cases Plaintiff cites in support of her position that the actions of her coworkers was unwelcome are distinguishable on their face, involving significantly more egregious facts and circumstances and significantly less involvement with their coworkers and participation in the behavior complained of.

Defendants clearly demonstrate that the actions and conversations the School Board employees took part in with Plaintiff were not harassing or ill-intentioned. The issue of whether the sexual remarks were "unwelcome" for purposes of Title VII cannot be determined by reference to Plaintiff's subjective state of mind. Instead, "[t]he correct inquiry is whether [plaintiff] by her conduct indicated that the alleged sexual advances were unwelcome."  Thus, in order to prevail, Plaintiff needed to show that  at some point she clearly made her co-workers and the School Board aware that in the future such conduct would be considered 'unwelcome'.[18] Plaintiff has failed to do so.  The litany of witnesses who testified that the parties were friends and/or appeared to be friends supports that by all outside indications, Plaintiff was not uncomfortable with her co-workers or offended by their behavior.  As such, Plaintiff has not and cannot show that she was subjected to sexual harassment or a hostile work environment and this claim should be dismissed.

  **B.**  **No Discrimination Pursuant to Federal and/or Louisiana law, and No Unlawful Retaliation**

In the interest of judicial efficiency and to avoid unnecessary duplication the School Board incorporates by reference the arguments raised in Section II(B) of its MSJ Memorandum.[19]  In further response, Plaintiff attempts to persuade this Court that the time line of events was somehow misrepresented; however, her argument is unpersuasive.  Plaintiff requested to be moved out of the

---

[18] *Weinsheimer v. Rockwell International Corp.*, 754 F.Supp. 1559, 1564 n. 12 (M.D.Fla.1990), aff'd 949 F.2d 1162 (11th Cir.1991); Loftin-Boggs v. City of Meridian, 633 F.Supp. 1323, 1327 n. 8 (S.D.Miss.1986) (plaintiff "must be able to identify with some precision a point at which she made known to her co-workers or superiors that such conduct would henceforth be considered offensive").

[19] Rec. Doc. 31-1, p. 16-21.

class on October 25, 2019, *before* she made any complaints of harassment and without expressing any set of circumstances that would have rendered her more willing to remain.[20]   It is Plaintiff's assertion that because she was returned to the special education classroom on October 25, 2019 despite her request and was not moved to the Science class until October 28, 2019, the day she complained of sexual harassment, that the move was in retaliation for complaining about alleged sexual harassment alleged student mistreatment.[21]   What Plaintiff ignores is the reason why she was not moved immediately on October 25, 2019.  It is the responsibility of Debra McClarity, Director of Special Education, to place long-term paraprofessionals in special education classrooms, not principals.[22] Thus, Mr. Fabre lacked the authority to move Plaintiff without approval, and Plaintiff's request was the precise reason Ms. McClarity was called out to address changes in staffing on October 25, 2019.[23]   Thus, the record plainly shows that the determination to remove Plaintiff from the class was made on Friday, October 25, 2019, the day of the request, and Ms. McClarity arrived on Monday, October 28, 2019, to handle logistics.[24]   Thus, Plaintiff was only returned to the classroom for whatever portion of that day remained.  It is curious why Plaintiff would not inform the Principal of her sexual harassment complaints on October 25, 2019, when she had no qualms about complaining of other issues involving those same teachers as she was being reprimanded.  It is only logical that as

---

[20] Rec. <u>Doc. 31-1</u>, MSJ Memorandum, pp. 18-21.
[21] Rec. <u>Doc. 35-1</u>, Plaintiff's Opposition, p. 16.
[22] Rec. <u>Doc. 31-1</u>, MSJ Memorandum, pp. 8-10, 19-20; Reply to Response to Statement of Fact filed contemporaneously herewith, pp. 3-6, Nos.4-13; supportive exhibits referenced therein.
[23] *Id.*
[24] Rec. <u>Doc. 41</u>-

a substitute and not a permanent employee, her request to be removed from that classroom could have left her (and in fact did ultimately render her) without any immediate available position elsewhere.  One must wonder if after over that weekend Plaintiff considered the potential outcome of her request on October 25, 2019, making the timing of the sexual harassment complaint suspect. Notwithstanding, and while Plaintiff complains that the complete procedural process for investigating harassment complaints was not finalized, when presented with the complaint Ms. McClarity immediately began the investigatory process, interviewing and taking statements from all involved, reviewing documentary evidence, making a determination that the complaint was unsubstantiated, and notifying Plaintiff verbally of the results.[25]  It is immaterial that the final steps of the process were not completed due to Ms. McClarity's sudden illness, as the critical components of the investigative process - investigation, determination, and employee notice - were completed.[26] Once Plaintiff requested to be moved out of that classroom, and once the LPN's were hired at Morgan City High School, there were simply no other substitute paraprofessional positions available.[27]

In terms of pretext, with respect to Plaintiff's assertion that the School Board must have been engaging in a cover-up having found two LPNs for MCH classrooms after 11 months without, Plaintiff relies on nothing more than mere innuendo and speculation.[28]  The testimony and evidence indicate that the Department of Special Education located two LPNs and that they would be placed at MCH, rendering both Plaintiffs's and Ms. Kinchen's positions at that school no longer necessary.[29]  While Plaintiff questioned Ms. Suzanne Bergeron during the deposition about the

---

[25] Rec. Doc. 31-1, MSJ Memorandum, pp. 18-21; Reply to Response to Statement of Fact filed contemporaneously herewith, pp. 14-16, Nos.39-47; supportive exhibits referenced therein.
[26] Id.
[27] Rec. Doc. 31-1, MSJ Memorandum, pp. 18-21; Reply to Response to Statement of Fact filed contemporaneously herewith, pp. 16-17, Nos.46-51; supportive exhibits referenced therein.
[28] Rec. Doc. 35, pp. 19-23
[29] Exhibit V, 30(b)(6) Deposition, pp. 125, ll. 14 - 131, ll.1-14.

timing of this, Ms. Bergeron clearly articulated that the information regarding the two hires came from Mr. Stephen Harris, Coordinator of Special and Related Services, Department of Special Education.[30]  If Plaintiff believed this was some sort of cover-up, she certainly could have explored that further by deposing Mr. Harris and/or Ms. McClarity; however, instead of pursuing factual information as to how these positions became filled at that point in time, Plaintiff preferred to rely on conjecture and mere speculation.  This is not "evidence," particularly where the Plaintiff had every opportunity to explore this theory through the discovery process but opted not to do so. There is no evidence that Plaintiff was subjected to retaliation or was wrongfully terminated from her position and, thus, these claims should also be dismissed.

### C.  No Breach of Implied Covenant of Good Faith and Fair Dealing.

The School Board relies upon the facts and arguments set forth in Section II(C) of its MSJ Memorandum and no further briefing is necessary.[31]  Plaintiff has failed to present evidence sufficient to provide any such breach and this claim should be dismissed.

### D.  No Breach of the Louisiana Whistleblower Act

In the interest of judicial efficiency and to avoid unnecessary duplication the School Board incorporates by reference the arguments raised in Section II(D) of its MSJ Memorandum.[32] In further response, Plaintiff mentions in her Opposition that she not only complained of her own harassment, but of alleged mistreatment of the students.[33]  To succeed on a Whistleblower claim, a Plaintiff must not only show that she disclosed or threatened to disclose alleged illegal work practices (i.e., alleged harassment and alleged mistreatment of students), but that the employer

---

[30] *Id.*
[31] Rec. Doc. 31-1, MSJ Memorandum, p. 21-22
[32] Rec. Doc. 31-1, p. 21.
[33] Rec. Doc. 35, pp.

committed an actual violation of state law through a prohibited workplace act or practice.[34]   All factors of Plaintiff's Complaint was investigated and deemed to have no merit, and there is no evidence in the record that students were mistreated in any way.[35]   Because Plaintiff has failed to show that the School Board engaged in a prohibited workplace act or practice, and because (for the reasons set forth herein and in the School Board's MSJ Memorandum) Plaintiff has failed to show she was subjected to an adverse employment action, this claim should be dismissed.

### E.  Plaintiff has Filed a Frivolous Claim

School Board relies upon the arguments raised in its MSJ Memorandum and those facts and evidence discussed in the School Board's Reply to Plaintiff's Response to Statement of Undisputed Facts.[36]   No other briefing as to this issues is necessary.

### CONCLUSION

As set forth  hereinabove and in the School Board's Memorandum in Support of Summary Judgement at Record Document 31-1, the law affords Plaintiff no remedy on the facts alleged. Accordingly, St. Mary Parish School Board respectfully requests that the Motion for Summary Judgment be granted and that Plaintiff's claims be dismissed, with prejudice, at her cost.

*Signatures on Separate Page*

---

[34] *Hanna v. Shell Expl. & Prod., Inc.*, 2017-0293 (La. App. 4 Cir. 12/6/17), 234 So. 3d 179, 194; See also *Hale*, 234 So. 3d at 194.
[35] Rec. Doc. 31-9, Declaration of Debra McClarity, ¶¶ 14-27.
[36] Rec. Doc. 31-1, MSJ Memorandum, pp.21-25; Reply to Response to Statement of Fact filed contemporaneously herewith, *in globo*.

**Respectfully submitted,** this the 11th day of June, 2022

> **HAMMONDS, SILLS, ADKINS & GUICE, LLP**
> 2431 S. Acadian Thruway, Suite 600
> Baton Rouge, Louisiana   70808
> Telephone:      225/923-3462
> Facsimile:      225/923-0315
>
>  *s/ Melissa S. Losch*
> **ROBERT L. HAMMONDS**
> Louisiana Bar Roll No. 6484
> **PAMELA WESCOVICH DILL**
> Louisiana Bar Roll No. 31703
> **MELISSA S. LOSCH, T.A.**
> Louisiana Bar Roll No. 26811
> **JOHN R. BLANCHARD**
> Louisiana Bar Roll No. 37036

## CERTIFICATE OF SERVICE

I do hereby certify that, on the date stated below, a true and correct copy of the above and foregoing **REPLY MEMORANDUM** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Plaintiffs of record by operation of the court's electronic filing system.

**BATON ROUGE, LOUISIANA,** this 11th day of June, 2022

>  *s/Melissa S. Losch*
> MELISSA S. LOSCH